## Herschbach Brothers, Appellants, v. Lucian Cassout and Maggie Cassout, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Randolph county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

This was an action of replevin brought by Herschbach Brothers to recover two-thirds of twenty-five acres of wheat that had been harvested and ready to thresh. From a judgment for the defendant, the plaintiff appealed.

It appears from the record in this case that on September 1, 1913, the defendant Lucian Cassout made a mortgage to the State Bank of L. H. Gilster & Company, and that in said mortgage was included twenty acres of growing wheat. It further appears from the evidence that the mortgage, while it bore date of September 1st, was not acknowledged or recorded until the 11th of October. On the 4th day of October of the same year defendants confessed a judgment in favor of plaintiffs for the amount of $101.10. Execution was issued and placed in the hands of the sheriff on the same day and on October 6, 1913, this execution was served by copy upon the defendants, and upon the same day defendants filed their schedule of personal property and in the schedule is included "25 acres of growing wheat, less rent of one-third," and

said schedule also contains the following clause: "Above property belongs to Lucian Cassout, and the mules, wheat and wagon are under mortgage, or contract to be mortgage placed on the wheat as soon as ,sown." On November 19th the plaintiffs caused the aforesaid execution, then in the hands of the sheriff, to be levied upon the 25 acres of wheat contained in said schedule, and on December 1, 1913, the wheat was sold at public auction by the sheriff and bid in by plaintiff in the execution at $107.51. It further appears from the evidence that after the wheat had been cut by the defendant Lucian Cassout, and was ready to be threshed, the plaintiffs sued out this writ of replevin and obtained possession of such wheat. Upon the making of said schedule the sheriff did not select appraisers and the property set forth in the schedule was treated as exempt property. It was contended by the plaintiff that at the time the schedule was made the wheat in question had not been sown but was sown thereafter and prior to October 11th, and consequently was additional property acquired and subject to levy under plaintiff's execution as after-acquired property.

A. E. CRISLER, for appellants.

R. E. SPRIGG, for appellees.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION, § 6*—*when exempt property should not be subjected to sale under execution.* Where the court is satisfied that personal property is exempt, such property ought not to be subjected to sale under an execution, except it is clearly made to appear that the debtor has in some manner forfeited his right to the exemption.

2. EXEMPTIONS, § 26*—*when description of property in schedule*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*of exemption controlling.* Where a description of property listed in a schedule of exemptions may reasonably be construed as applying to property sold under an execution, such construction will be adopted.

3. REPLEVIN, § 105*—*when burden on plaintiff to prove property acquired after filing of schedule of exemptions.* In an action of replevin to recover property levied on under execution and alleged to be exempt, by defendants the burden of proving that the property was acquired after the filing of a schedule of exemptions is upon the plaintiff.

4. EXEMPTIONS, § 38*—*when levy on and sale of exempt property evasion of law.* A levy upon and sale of property which the levying officer knows is sought by the debtor to be exempted by his schedule will be treated as an evasion of the law.

5. EXEMPTIONS, § 25*—*what is duty of officer holding execution towards debtor.* An officer holding an execution is required to deal fairly and in good faith with the debtor and not to use the provisions of the exemption law to trap or catch debtors who are honestly and in good faith seeking to avail themselves of the benefit of its provisions.

6. EXEMPTIONS, § 3*—*how exemption laws construed.* The exemption laws are made for the purpose of protecting the poor and unfortunate and should be liberally construed by the courts, and the right of such debtors should be fully upheld without stint or grudging.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.